IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

SKIEWAYNE McBEE,

                Plaintiff,

    v.                                          Civil Action No.
                                                  6:14-CV-524 (DEP)

CAROLYN W. COLVIN, Commissioner of
  Social Security,

                Defendant.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF

ANTONOWICZ LAW FIRM          PETER W. ANTONOWICZ, ESQ.
148 West Dominick Street
Rome, New York 13440

FOR DEFENDANT

HON. RICHARD S. HARTUNIAN     SUSAN J. REISS, ESQ.
United States Attorney for the      Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the Commissioner, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on January 21, 2015, during a telephone conference held on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and is not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, a transcript of which is attached and incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

3) The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4) The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: January 26, 2015
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------x
SKIEWAYNE MCBEE,

                    Plaintiff,

vs.                                   14-CV-524

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
-------------------------------------x
```

Transcript of *DECISION* (Telephone Conference) held on January 21, 2015, at the James Hanley Federal Building, 100 South Clinton Street, Syracuse, New York, the HONORABLE DAVID E. PEEBLES, United States Magistrate-Judge, Presiding.

A P P E A R A N C E S

| | |
|---|---|
| For Plaintiff: | PETER W. ANTONOWICZ<br>Attorney at Law<br>148 West Dominick Street<br>Rome, New York 13440 |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of Regional General Counsel<br>26 Federal Plaza<br>New York, New York 10278<br>  BY:  SUSAN J. REISS, ESQ. |

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1	THE COURT: All right. I'll have to let that be
2	the last word. I reviewed your submissions carefully and I
3	appreciate they're very comprehensive and your presentations
4	were equally comprehensive.
5	As you know, my task is limited in this case. I'm
6	reviewing the Commissioner's decision under 42, United States
7	Code, Section 405(g). The standard that I must apply is to
8	determine whether the correct legal principles were applied
9	and whether the decision is supported by substantial
10	evidence. The term substantial evidence being defined as
11	such relevant evidence as a reasonable mind might accept as
12	adequate to support a conclusion.
13	By way of background, the plaintiff in this case
14	was born in June of 1977. He was 35 years old at the time of
15	the administrative hearing in this case. Is currently 37, if
16	my math serves me correctly. He has an eleventh grade
17	education. He was in special education classes. He did not
18	graduate. He was expelled from school for smoking. He lives
19	with his fiance, her mother and father and two young
20	children. He has no driver's license. He does possess a
21	CNA, or Certified Nursing Assistant, certificate and has
22	worked as a nurse's aide. He has undergone significant
23	mental health treatment over the years with various diagnoses
24	including depressive disorder, anxiety disorder, borderline
25	intellectual functioning, bipolar disorder, and post

traumatic stress disorder, or PTSD. He also has a history of drug and alcohol abuse.

The plaintiff does use an inhaler and has a history of asthma, but that seems to be fairly controlled and really doesn't come into play in this case.

He treats currently with Dr. Vidya Patil and has since late 2011. Dr. Patil is a psychiatrist. Over time plaintiff has been prescribed Depakote, Remeron, Paxil, Seroquel and Ativan.

He last worked in or about 2011 and did collect unemployment benefits after losing that position. Procedurally the plaintiff applied for disability insurance and SSI benefits on June 23, 2011, alleging an onset date of November 30, 2010. A hearing was conducted by Administrative Law Judge Robert Gale on January 29, 2013. Judge Gale issued a decision on February 1, 2013. The determination became a final determination of the agency when the Social Security Administration Appeals Council denied review on April 15, 2014.

In terms of the ALJ's decision, he went through the now familiar five step test for determining disability. After finding that plaintiff was insured to June 30, 2016 and had not engaged in substantial gainful activity since November 30, 2010, he concluded at step two that he suffers from asthma, depressive disorder, anxiety disorder and

borderline intellectual functioning.

He found at step three, however, that none of these severe conditions either individually or collectively meet or equal any of the listed presumptively disabling conditions, and in that regard he considered listings 3.02, 3.03, 12.02, 12.04, 12.05 and 12.06.

The Administrative Law Judge then went on to conclude that the plaintiff has a residual functional capacity, or RFC, to perform a full range of work at all exertional levels but with the need to avoid concentrated exposure to respiratory irritants such as fumes, odors, dust and gases. Additionally, he retains the ability to understand and follow simple instructions and directions, perform simple tasks with supervision and independently, maintain attention and concentration for simple tasks, regularly attend to a routine and maintain a schedule, relate to and interact appropriately with others to the extent necessary to carry out simple tasks, and to handle reasonable levels of simple, repetitive work-related stress in that he can make occasional decisions directly related to the performance of simple tasks in a position with consistent job duties that does not require the claimant to supervise or manage the work of others.

At step four, Judge Gale concluded that the plaintiff is capable of performing past relevant work, but

1  went on at step five to apply the grids and conclude that
2  despite his non-exertional limitations, the job base on which
3  the grids are predicated was not sufficiently eroded to
4  require the services of a vocational expert and concluded
5  that under the grids there would also be a directed finding
6  of no disability.
7         The crux of the case in my estimation is the
8  treatment of Dr. Patil's medical source statement as well as
9  Dr. Caldwell's consultative examination and the results of
10 that examination.
11        Dr. Patil is a psychiatrist and therefore highly
12 specialized.  He has been treating the plaintiff for an
13 extended period of time.  His office notes as well as those
14 of therapists that plaintiff has seen are in the record.
15 I've reviewed them carefully.  Dr. Patil indicates that the
16 plaintiff has extreme limitations in the ability to relate to
17 acquaintances and familiar people, deal with the public, deal
18 with stress, maintain attention and concentration, understand
19 and remember and carry out complex instructions, and relate
20 predictably in social situations, and he is markedly limited
21 in behaving in an emotionally stable manner.
22        I think by anyone's account this report is
23 inconsistent with the RFC finding of Judge Gale and with the
24 ability to perform meaningful work available in the economy.
25        I am unconvinced that the ALJ properly considered

```
 1   the relevant factors and properly dismissed Dr. Patil's
 2   report.  I've reviewed his notes, and his notes, although
 3   equivocal in showing some improvement with medication, still
 4   show flat affect and anxious mood, for example, at 514.
 5   Anxious and nervous at 494.  Anxious and frustrated at 480.
 6   No change on January 9, 2012 at 468.  At 465 for December 14,
 7   2011, improving, still hard to get along with others and mood
 8   swings.  And I could go on.
 9            The findings of Dr. Caldwell are not totally
10   inconsistent with Dr. Patil and demonstrate limitations and
11   inabilities that are inconsistent also with the RFC.  There
12   is also indication from others, although not in any detail,
13   that the plaintiff is not capable of working.  There is a
14   reference from Bassett Hospital at page 394 that the
15   plaintiff is not capable of working.  This might be the same
16   one by Dr. Ali Shehzad on March 17, 2011.  Page 3 of 11F in a
17   progress note indicates that the plaintiff is not capable of
18   working.  Someone that knows the plaintiff very well, Terri
19   Meigs, who has worked with the plaintiff for two years,
20   opined in January of 2013 that plaintiff has the most severe
21   attention problems and anxiety that she has ever seen.
22   That's at page 515.
23            In my view Dr. Patil's medical source statement is
24   not inconsistent with his treatment notes, not inconsistent
25   with other evidence in the record other than a non-examining
```

1  individual who reviewed the records in November of 2011,
2  Dr. Teztzo, and it was not properly explained.  I agree that
3  the ALJ's apparent fixation on plaintiff's desire to get the
4  necessary paperwork to support his disability claim does not
5  translate into either a lack of credibility on his part or
6  does it undermine Dr. Patil's source statement.
7       I also think that it's a leap to say that because
8  the plaintiff can get along with his fiance and his fiance's
9  parents who he lives with, that he therefore can get along
10 with others in a workplace setting.  I think that was a leap
11 that the ALJ made that was unwarranted, frankly.  I also
12 agree with the plaintiff that there could be and should be
13 more focus on cognitive defects of the plaintiff.  I do not
14 find, however, that there is such persuasive evidence of
15 disability as to warrant setting aside the determination and
16 remanding for calculation of benefits only.  I think that
17 this could use a fresh set of eyes, frankly.
18      And I therefore will grant judgment on the
19 pleadings to the plaintiff, vacate the Commissioner's
20 determination and remand without a directed finding of
21 disability for further consideration.  Thank you both for
22 excellent presentations.
23      MR. ANTONWICZ:  Your Honor?
24      THE COURT:  Yes.
25      MR. ANTONWICZ:  I hate to interrupt.  But when you

1 say a fresh set of eyes, you do realize that if this goes
2 back on remand without some direction from you that keeps it
3 from going back to the same judge, this will go back to the
4 same ALJ.
5       THE COURT: I recognize that. I didn't find enough
6 indication in the record to suggest that it should go to
7 someone other than Judge Gale, and so fresh set of eyes
8 probably was not the appropriate statement. But I do think
9 that it should be reviewed and he should take another look at
10 Dr. Patil's medical source statement, Dr. Caldwell's
11 consultative exam, and may find it appropriate as you have
12 argued to ask for more specifics concerning the limitations
13 specified in Dr. Caldwell's report. And I think that I agree
14 that it may require some intellectual testing to determine
15 whether plaintiff can meet or medically equal any of the
16 listings related to mental retardation.
17       So that's my ruling. And I will issue a short form
18 order shortly and attach the transcript of this decision to
19 it. Thank you both.
20       MR. ANTONWICZ: Thank you, Your Honor.
21       MS. REISE: Thank you, Your Honor.
22       *            *            *
23
24
25

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter